### FUTCH v. STATE BEVERAGE DIRECTOR.

#### No. 10037.

Circuit Court, Volusia County.

January 20, 1959.

Fred R. Brannon, Jr., New Smyrna Beach, for petitioner.

Edward H. Robinson, Jacksonville, for respondent.

ROBERT H. WINGFIELD, Circuit Judge.

George O. Futch has filed a petition for a writ of certiorari in this court seeking to reverse an order of the State Beverage Director dated August 15, 1958 suspending his license to sell intoxicating beverages for a period of ten days.

The State Beverage Director charged petitioner with the sale of intoxicating beverages at his licensed premises on Sunday, May 11, 1958, and Sunday, May 25, 1958, during hours when such sale was prohibited by law. The director held a hearing on the charges, which were found to be true, and petitioner's license was suspended by the aforesaid order for a period of ten days. The director's findings in this respect are not questioned on this petition for writ of certiorari.

The parties have filed briefs, and the court has heard the argument of counsel after due notice.

The board of county commissioners for Volusia County, by resolution dated December 23, 1957, prohibited the sale of intoxicating liquor on Sunday, except between the hours of midnight, Saturday night, and 2 A. M. of a Sunday morning. This resolution was in effect at the time of the sale of the intoxicating liquor by the licensee, Futch, as charged by the director.

This case involves the construction of section 562.41, subsections 3 and 4, and section 561.29, Florida Statutes 1957.

Section 562.14 (4) provides in effect that the board of county commissioners of any county may regulate the hours of sale of intoxicating beverages within the county by resolution; and that it shall be the duty of the sheriff and deputy sheriffs of any such county to enforce such resolutions regulating hours of sale and not the duty of the State Beverage Department.

Section 561.29 provides in effect that the State Beverage Director may suspend or revoke a license where the licensee is found to be guilty at a hearing before the director of the sale of intoxicating liquor during hours that such sale is prohibited by municipal or county regulations—and/or for other violations not material to this cause.

The question involved in this case on petition for writ of certiorari is whether the director has the power to suspend an alcoholic beverage license for the sale of intoxicating liquors during hours prohibited by the board of county commissioners of the county wherein the licensee does business.

It is the finding of the court that the legislature intended that the director should retain his powers to administratively suspend or revoke a license for the sale of intoxicating liquor during the hours prohibited by county resolution—notwithstanding the provision in section 562.14 that it shall not be the duty of the State Beverage Department to enforce county resolutions regulating the hours of sale of intoxicating beverages.

Section 561.29 (1) specifically gives the State Beverage Director power to proceed administratively against a licensee for violation of hours of sale, though regulated by resolution of the county commissioners.

The petition for writ of certiorari is therefore denied.